UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In Re Application of

OLEGS FILS,

        Petitioner.

-----------------------------------------------------------X

Misc. Case No:

EX PARTE APPLICATION FOR THE ISSUANCE OF A SUBPOENA DUCES TECUM PURSUANT TO 28 U.S.C. § 1782 TO ZIP AVIATION, LLC

**DECLARATION OF MR. AGRIS BITANS IN SUPPORT OF MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION FOR THE ISSUANCE OF A SUBPOENA DUCES TECUM PURSUANT TO 28 U.S.C. § 1782 TO ZIP AVIATION, LLC**

1. "My name is Agris Bitans. I am a citizen of the country of Latvia, and I currently reside in Riga, Latvia. I am over the age of twenty-one years old, I have never been convicted of a crime involving moral turpitude, and I am competent to make the statements contained herein. I declare under penalty of perjury that the foregoing is true and correct and within my personal knowledge.

2. I am a lawyer and represent Olegs Fils ("Mr. Fils"), the claimant in proceedings currently before a court in Latvia (Case No.C30657918) (the "Latvian Proceedings") against his former wife, Ms. Santa Bernahl (previously – Ms. Zamuele) ("Ms. Bernahl"). In this capacity, I have personal knowledge regarding the facts contained in this affidavit.

3. After Ms. Bernahl and Mr. Fils divorced in March 2018, Mr. Fils discovered that Ms. Bernahl had been involved in an extra-marital relationship with Mr. David Bernahl ("Mr. Bernahl"). This discovery came, in part, through posts from private social media accounts, in which Mr. and Ms. Bernahl are seen embracing and kissing during the time Ms. Bernahl and Mr. Fils were still married and before the time Ms. Bernahl instituted divorce proceedings. As an



1

example, in one Instagram post on Mr. Bernahl's account, Mr. and Ms. Bernahl are pictured in front of a ZIP Aviation helicopter at the Downtown Manhattan Heliport in New York City. This picture is believed to have been taken in August 2017. *See* Exhibit A, photo of Mr. and Mrs. Bernahl in or about August 2017.

4. As a result of Ms. Bernahl's infidelity, Mr. Fils has instituted claims in the Latvian Proceedings seeking to cancel several gift agreements he entered into with Ms. Bernahl, on the basis of gross ingratitude and for her fault in the dissolution of the marriage. In the Latvian Proceedings, Mr. Fils seeks to recover items and funds valued at €2.4 million from Ms. Bernahl that Mr. Fils gifted to her. Ms. Bernahl has disposed of or transferred most of her assets, including these gifts and monies, to foreign accounts and/or to family members. As a result, Mr. Fils has also instituted claims in the Latvian Proceedings seeking to declare some of Ms. Bernahl's transfers and concealment of these items and funds as null and void.

5. The Latvian court has already found that Ms. Bernahl acted in bad faith because she has provided misleading information to the Latvian court and she concealed the property and funds Mr. Fils gifted her. Under Articles 137(1) and 140(1) of the Latvian Civil Procedure Law, the court may secure a claim provided, *inter alia*, there are reasonable grounds to believe that enforcement of the court judgment otherwise may become problematic or impossible (in this case, mostly due to concealment of assets, towards which the claim could be enforced), and that *prima facie* the claim has a legal basis. The Latvian court has therefore repeatedly sustained Mr. Fils' applications to secure his claim by seizing movable property, real estate, and cash belonging to, as well as payments due to, the defendants in the Latvian Proceedings.



6.   In order to demonstrate Ms. Bernahl's gross ingratitude and fault in the dissolution of the marriage, we must present evidence of Ms. Bernahl's infidelity and gross ingratitude towards Mr. Fils though other actions and attitudes.

7.   Ms. Bernahl's bank account statements demonstrate she used the funds that Mr. Fils gifted to her to pay for helicopter services provided by Zip Aviation on August 12 and 13, 2017, in the amount of $3,765.00 and $3,880.00 respectively.  *See* Exhibit B, Credit Card Statement of Ms. Bernahl showing charges of Zip Aviation, LLC.

8.   The documents obtained from Zip Aviation will be used in the Latvian Proceedings to demonstrate that Mr. and Ms. Bernahl were in each other's company during the time Ms. Bernahl and Mr. Fils were married.  The documents obtained from Zip Aviation will show that during this time, Mr. and Ms. Bernahl, while on vacation, boarded a helicopter chartered through Zip Aviation as a couple, and that Ms. Bernahl paid for this extravagant excursion with funds gifted to her by Mr. Fils.  In short, the documents obtained from Zip Aviation will be used in the Latvian Proceedings to ultimately help demonstrate that Ms. Bernahl was unfaithful to Mr. Fils in at least August 2017, while they were still married, and that Ms. Bernahl paid for her and her lover's luxury expenses with funds gifted to her by Mr. Fils, thus supporting Mr. Fils' claim of gross ingratitude and justifying the cancellation of the gift agreements.

9.   Zip Aviation is not a participant in the Latvian Proceedings.  Thus, apart from the Hague Convention, the Latvian court lacks any other reasonable method of compelling Zip Aviation to produce information and documents that will evidence and demonstrate Ms. Bernahl's infidelity.

10. There is nothing in Latvian law that would prevent Mr. Fils from utilizing such evidence in the Latvian Proceedings, and there is no indication that the Latvian court would be unreceptive to assistance from this Court.

11. Finally, were this information available in Latvia, the parties to the Latvian Proceedings would be able to obtain such discovery. But because this evidence is obtainable only from Zip Aviation—a company present only in the Southern District of New York and not Latvia—this Court's assistance is required in obtaining the documents necessary to show that on August 12 and 13, 2017, Ms. Bernahl carried on an extra-marital affair while in New York. There is nothing pursuant to Latvian law, or to any rule of civil procedure, regulation or statute under Latvian law that prohibits gathering of evidence via Section 1782 and use of the same in the Latvian Proceeding.

12. The information Mr. Fils seeks from Zip Aviation is only for a narrowly tailored amount of time. Indeed, Mr. Fils seeks only documents for the dates of August 1 – 31, 2017, and at that, only documents related to Ms. Bernahl and Mr. Bernahl status as passengers of Zip Aviation. Thus, the subpoena is not unduly intrusive or burdensome.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 28, 2020

_____
Agris Bitans"