AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises

# UNITED STATES DISTRICT COURT
### FOR THE
### SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

In Re Application of

OLEGS FILS,

                  Petitioner.

-----------------------------------------------------------X

Misc. Case No: 1:20-mc-00313

**AMENDED *EX PARTE* APPLICATION FOR THE ISSUANCE OF SUBPOENAS DUCES TECUM PURSUANT TO 28 U.S.C. § 1782 TO ZIP AVIATION, LLC AND 336 LIQUOR STORE, INC. d/b/a CRUSH WINE & SPIRITS**

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES

To:  336 Liquor Store, Inc. d/b/a Crush Wine & Spirits
153 East 57th Street, FRNT 1
New York, NY 10022-2119

336 Liquor Store, Inc. d/b/a
Crush Wine & Spirits
336 9TH AVE
NEW YORK, NY 10001-1604

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE ATTACHED SCHEDULE A**

| Place: | Date and Time: |
|---|---|
| Sarah E. Paul<br>Eversheds Sutherland (US) LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Tel: 212-389-5000<br>SarahPaul@eversheds-sutherland.com | December 14, 2020 at 10:00 a.m. |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____   *CLERK OF COURT*

                                                        OR

_____   _____
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Olegs Fils, who issues or requests this subpoena, are:

Sarah E. Paul

Eversheds Sutherland (US) LLP
1114 Avenue of the Americas
New York, NY 10036
Tel:  212-389-5000
SarahPaul@eversheds-sutherland.com

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____, a person of suitable age and discretion who resides there,

on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena to *(name of individual)* _____, who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____; or

☐ other (specify):

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____.

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                              *Server's signature*

                                          _____
                                              *Printed name and title*

                                          _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

  **(2)** *Command to Produce Materials or Permit Inspection.*

  **(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) Command to Produce Materials or Permit Inspection.**

  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) Quashing or Modifying a Subpoena.**

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

8658484.1

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated

(e) **Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
**(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## Schedule A

## INSTRUCTIONS

1. Documents produced shall be organized and designated to correspond to the categories in the request or produced as they are kept in the usual course of business.

2. In the event a request is one to which you object, the reasons for the objection shall be stated with reasonable particularity.

3. With respect to any category of documents which you contend is in some way "burdensome" or "oppressive," state the specific reasons for such objection, and produce examples of the documents in question.

4. If you refuse to provide any documents in response to a request on the grounds of privilege, please provide for each such document a description sufficiently detailed to allow evaluation of the legitimacy of the claim of privilege. As to all documents withheld, provide a log containing the following information:

 a. The type of document and number of pages;

 b. The general subject matter contained in the document and all attachments, if any;

 c. The date of the document and the date on which such document was obtained or created;

 d. The author(s) of such document;

 e. Each person who signed the document;

 f. Each person who received such document (original and/or copy);

 g. Each present custodian of the document; and

 h. The basis for the privilege claimed.

5. If any document identified in the responses to these requests has been destroyed, set forth the contents of such document, the location of any copies of such document, the date of

8658484.1

-5-

destruction, the name of the person(s) who ordered or authorized the destruction, and a brief statement of the manner in which the document was destroyed, including a description of any document retention or destruction policy pursuant to which such document was disposed of or destroyed.

6. If a response to a request, or any portion of it, is incomplete due to an incomplete investigation, or any other reason, the request should be satisfied as completely as possible based upon the investigation completed to date, and the following additional information given:

    a. The nature and extent of the investigation completed to date;

    b. The nature and extent of the investigation intended to complete the response; and

    c. The time when you expect to complete the investigation so that the request can be responded to in full.

7. If, in responding to these requests, you encounter any ambiguities when construing a request, instruction, or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

8. Unless otherwise stated, each request herein calls for production of documents created, drafted, edited or finalized at any time from December 6, 2017 through December 16, 2017 and from January 27, 2018 through February 6, 2018.

8658484.1

-6-

# DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these requests for production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Communication" means the transmittal of information by any means, including without limitation any oral or written exchange of words or thoughts or ideas to another person, whether person-to-person, in a group, in a meeting, by telephone, by letter, by e-mail, by facsimile, by telex, or by any other process, electronic or otherwise.

2. "Document" is used in the broadest sense and is intended to be comprehensive and to include, without limitation, any writing or recording, including, but not limited to, the original, draft and any copy of books, records, reports, tape recordings, transcripts of tape recordings, data cards, memoranda or notes of conversations and meetings, notes, letters, e-mails (or any other means of recording data electronically), telegrams, cables, telexes, diaries, logs, graphs, charts, contracts, releases, studies, reports, drawings, canceled checks, summaries, booklets, circulars, bulletins, instructions, minutes, bills, questionnaires, invoices, disks, correspondence, financial statements, and drafts of any of the foregoing, as well as any other tangible thing on which information is recorded in written or electronic form in writing, sound, or through any other means. A draft or non-identical copy is a separate document within the meaning of the term "document."

3. As used herein, a document that "relates" to a given subject matter means a document that constitutes, embodies, comprises, reflects, identifies, states, defines, clarifies, refers to, deals with, comments on, explains, construes, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the subject matter, including but not limited to documents concerning the preparation of other documents.

4. As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

5. "You" as used herein shall mean 336 Liquor Store, Inc., d/b/a Crush Wine & Spirits, and any subsidiaries, divisions, affiliates, and predecessor companies and its officers, directors, shareholders, partners, general partners, limited partners, beneficial owners, employees, agents, representatives and attorneys, as well as any person or entity who was any of the above and/or has acted or purported to act on 336 Liquor Store's behalf.

6. "Crush Wine & Spirits" as used herein shall mean that particular wine, spirits, and liquor store located at 153 East 57th Street, New York, NY 10022, and any subsidiaries, divisions, affiliates, and predecessor companies and its officers, directors, shareholders, partners, general partners, limited partners, beneficial owners, employees, agents, representatives and attorneys, as well as any person or entity who was any of the above and/or has acted or purported to act on Crush Wine & Spirits' behalf.

6. "Santa Zamuele" as used herein refers to Santa Zamuele, a.k.a. Santa Bernahl, an individual who made purchase(s) from Crush Wine & Spirits in December 2017 and February (and/or January) 2018.

7. "David Bernahl" as used herein refers to David Alan Bernahl, an individual who was a recipient of items purchased by Santa Zamuele from Crush Wine & Spirits in December 2017 and February (and/or January) 2018.

8. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "Each" means "all," "all" means "any and all," "any" means "any and all." "Including" means "including but not limited to." "And," "or," and "and/or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

8658484.1                                    -8-

**DOCUMENT REQUESTS**

1. Please produce all Documents showing ▮▮▮▮▮▮▮ Carmel, CA 93923 as the address of any and all recipients of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to the payment on or about December 11, 2017 listed as "CRUSH WINE & SPIRITS" in the amount of 3,942.78 USD (3,452.64 EUR) made with Santa Zamuele's credit card No. 499962******6091, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

2. Please produce all Documents showing ▮▮▮▮▮▮▮ Carmel, CA 93923 as the address of any and all recipients of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to any payment between December 6, 2017 and December 16, 2017, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

3. Please produce all Documents showing David Bernahl as the recipient of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to the payment on or about December 11, 2017 listed as "CRUSH WINE & SPIRITS" in the amount of 3,942.78 USD (3,452.64 EUR) made with Santa Zamuele's credit card No. 499962******6091, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

4. Please produce all Documents showing David Bernahl as the recipient of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to any payments between December 6, 2017 and December 16, 2017, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

5.      Please produce all Documents showing ▮▮▮▮▮▮▮▮ Carmel, CA 93923 as the address of any and all recipients of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to the payment on or about February 1, 2018 listed as "CRUSH WINE & SPIRITS" in the amount of 2,008.01 USD (1,669.94 EUR) made with Santa Zamuele's credit card No.499962******6091, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

6.      Please produce all Documents showing ▮▮▮▮▮▮▮▮ Carmel, CA 93923 as the address of any and all recipients of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to the payment on or about February 1, 2018 listed as "CRUSH WINE & SPIRITS" in the amount of 719.80 USD (596.97 EUR) made with Santa Zamuele's credit card No. 482449******4305, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

7.      Please produce all Documents showing ▮▮▮▮▮▮▮▮ Carmel, CA 93923 as the address of any and all recipients of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to any payment between January 27, 2018 and February 6, 2018, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

8.      Please produce all Documents showing David Bernahl as the recipient of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to the payment on or about February 1, 2018 listed as "CRUSH WINE & SPIRITS" in the amount of 2,008.01 USD (1,669.94 EUR) made with Santa Zamuele's credit card No. 499962******6091, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

9. Please produce all Documents showing David Bernahl as the recipient of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to the payment on or about February 1, 2018 listed as "CRUSH WINE & SPIRITS" in the amount of 719.80 USD (596.97 EUR) made with Santa Zamuele's credit card No. 482449******4305, including, but not limited to, receipts, invoices, order forms, and delivery tickets.

10. Please produce all Documents showing David Bernahl as the recipient of any and all items, products, merchandise, liquor, wine, beer, and spirits purchased by Santa Zamuele from Crush Wine & Spirits that relates to any payments between January 27, 2018 and February 6, 2018, including, but not limited to, receipts, invoices, order forms, and delivery tickets.